Leland v. Parriott.

---

LELAND v. PARRIOTT, Admr.

Promissory note: LATENT DEFENSES: RIGHT OF HOLDER. Promissory note indorsed by subsequent holder as follows: " I, the undersigned,.do agree that I will not sell or dispose of a note given by R. R. P." (the maker of the note in question). *Held*, that such indorsement did not destroy the negotiability of the note nor render it in the hands of a holder subsequently acquiring it subject to defenses existing against it of which he had no notice.

*Appeal from Dubuque District Court.*

SATURDAY, DECEMBER 16.

ACTION by an indorsee of a promissory note against the maker. Defense, that the note was given without consideration, and that the plaintiff was a purchaser with

notice, etc. Trial to a jury; verdict and judgment for the defendant; the plaintiff appeals.

*D. E. Lyon* for the appellant.

*Smith, Fouke & Chapin* for the appellee.

COLE, J. — The action is brought upon a note duly stamped, of which the following is a copy:

"WASHINGTON, *December* 21, 1869.

"Six months after date, for value received, I promise to pay to the order of D. M. Bridges & Co., $150, with use at ten per cent per annum, payable at Dubuque, Iowa. I hereby certify that I am worth at least $15,000, consisting of personal property and 440 acres of land in Butler county, State of Iowa.

"R. R. PARRIOTT."

"On the back of the note were the following indorsements: "Without recourse, D. M. Bridges & Co." "I, the undersigned, do agree that I will not sell or dispose of a note given by R. R. Parriott.　　M. D. ALLEN."

It appears by the evidence that the only consideration for the note was the right to sell, as agent, a certain "patent roofing" in a single township named; and other facts were shown tending to prove that there was no valuable consideration for the note. The testimony also tended to show that plaintiff purchased the note of M. D. Allen, for less than its face and when it had the last above indorsement upon it.

The district court held, and in substance so instructed the jury, that the indorsement by M. D. Allen that he would not sell or dispose of the note destroyed its negotiability and made the note liable to the same defenses in plaintiffs' hands as if in the hands of the payees. It is true, as a general rule, that an indorsement or memorandum with-

out date made on a note will be presumed to have been made contemporaneous with it. But that presumption must be destroyed in this case by the fact that the note had been indorsed by the payees, and the further fact that the memorandum was made by another party than the payees. The agreement not to sell or dispose of the note was then an independent agreement, upon breach of which, if made for a consideration, the obligor might be liable; but it could not have the effect to destroy the negotiability of the note. Besides, it is entirely competent for the holder to fill up the blank indorsement by the payees, to himself, and thus recover as their indorsee; thereby excluding any relevancy of an agreement by M. D. Allen not to "sell or dispose of *a note.*" Nor would such agreement, without more, be sufficient to charge plaintiff with notice of the defenses, under the rule of law as recognized and applied in *Gage* v. *Sharp,* 24 Iowa, 15; *Lake* v. *Reed,* 29 id. 258.

Reversed.